# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

**SEALED**

In the Matter of the Search of  
*(Briefly describe the property to be searched or identify the person by name and address)*  
One iPhone, two HTC phones, silver pen with USB drive, Sony thumb drive, black thumb drive, Dell computer, SanDisk thumb drive, and WD My Passport external hard drive further described in Attachment A

Case No. 19-MC-12475

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
One iPhone, two HTC phones, silver pen with USB drive, Sony thumb drive, black thumb drive, Dell computer, SanDisk thumb drive, and WD My Passport external hard drive further described in Attachment A.
located in the ___Eastern___ District of ___Louisiana___, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC § 2252(a)(2) | Receipt and distribution of child pornography |
| 18 USC § 2252(a)(4)(B) | Possession of a visual depiction involving the use of a minor engaging in sexually explicit conduct |

The application is based on these facts:
See attached Affidavit.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Stephen Robert Dean, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 09/06/2019

*Judge's signature*

City and state: New Orleans, Louisiana      Honorable Michael B. North, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION FOR A SEARCH WARRANT FOR ONE IPHONE, TWO HTC PHONES, SILVER PEN WITH USB DRIVE, SONY THUMB DRIVE, BLACK THUMB DRIVE, DELL COMPUTER, SANDISK THUMB DRIVE, AND WD MY PASSPORT EXTERNAL HARD DRIVE, FURTHER DESCRIBED IN ATTACHMENT A, CURRENTLY LOCATED AT HOMELAND SECURITY INVESTIGATIONS, 1250 POYDRAS STREET, NEW ORLEANS, LOUISIANA 70126 | * * * * * * * * * | NO. 19-MC-12475<br><br>**SEALED** |

\* \* \*

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Stephen Robert Dean, being duly sworn, do hereby depose and state:

### INTRODUCTION

1.    I am a Special Agent (SA) with U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) assigned to the Office of the Special Agent in Charge, New Orleans, Louisiana. I have been a SA with HSI since June of 2010. I am currently assigned to investigate matters involving the online exploitation of children, particularly in relation

to violations of Title 18, United States Code (USC), Sections 2252 and 2252(A), which criminalize the possession, receipt, and transmission of child pornography. Prior to my employment with HSI, I was employed as a Postal Inspector with the U.S. Postal Inspection Service (USPIS). As a Postal Inspector, I was tasked with investigating crimes against the Postal Service. I specifically investigated mail theft, identity theft, credit card fraud, and robberies and burglaries of postal facilities.

2. This affidavit is made in support of an application for a search warrant to search the items listed in **Attachment A** that belong to Michael Reynolds and seize electronically produced digital data evidence of violations of 18 U.S.C. § 2252, which criminalizes the possession, receipt, and transmission of child pornography, specifically 18 U.S.C. § 2252(a)(2) (receipt and distribution of child pornography) and § 2252(a)(4)(B) (possession of a visual depiction involving the use of a minor engaging in sexually explicit conduct). The statements in this affidavit are based, in part, on information provided by HSI Ottawa and information provided by HSI Special Agents, my training and experience, and information obtained from other witnesses. This affidavit is being submitted for the limited purpose of establishing probable cause to support issuing a search warrant and does not include all the facts that have been learned during the course of the investigation.

## BACKGROUND OF INVESTIGATION

3. Based upon information in this affidavit, your Affiant believes there is probable cause to support this search warrant as follows: In June of 2019, HSI/New Orleans received a child exploitation lead from HSI Ottawa. The lead packet provided subscriber data associated with KiK username alchemist4gold_k8z*.[1]

---

[1] Based on my training and experience, I know that KiK is an instant messaging mobile phone application that can be used to transmit and receive messages, photos, videos, sketches, and other content after users register a username.

2

4. Based on my training and experience, I know that KiK LLC, the parent company of KiK, often submits cyber tips to the Royal Canadian Mounted Police (RCMP), who provide reports of United States users to HSI Ottawa. HSI Ottawa receives a report each month that lists KiK usernames believed to be uploading and/or discussing trading child exploitation material and/or sexually assaulting children. The legal team at KiK messaging app in Waterloo, Ontario provides the list with profile data and any image(s) and/or chat logs pertaining to each user to the RCMP National Child Exploitation Coordination Centre (NCECC). The NCECC geolocates the last known Internet Protocol ("IP") address to the associated country/state/city for each user. HSI Ottawa receives a file for each user with IP addresses in the United States.

5. The lead packet provided to your Affiant included subscriber data associated with alchemist4gold_k8z*. Your Affiant reviewed the packet and determined the following relevant information:

   a. The individual utilizing username alchemist4gold_k8z* accessed the KiK application via IP address 45.25.21.137 on about June 12, 2019.

   b. Username alchemist4gold_k8z* sent an image depicting the sexual victimization of a child, described below, while using the KiK app via KiK's chat platform on June 12, 2019, during a chat with KiK user lydia0131_1hl*.

   c. The chat logs between alchemist4gold_k8z* and lydia0131_1hl* revealed that both users stated they loved little girls. During the course of their communication, alchemist4gold_k8z* stated, "I played with my daughter from 9 to 14." Alchemist4gold_k8z* also stated, "I love to lick bald pussy" and "I've tried my 3 year old grand daughter. It's nothing like my daughter at 11. Lol."

6.     On June 17, 2019, HSI Ottawa sent an HSI Summons to AT&T, Inc. requesting which subscriber was assigned IP address 45.25.21.137 on June 12, 2019.

7.     On June 18, 2019, AT&T, Inc. complied with the summons with subscriber information for the above IP address. The information provided by AT&T, Inc. revealed that IP address 45.25.21.137 belonged to Michael Reynolds ("Reynolds") at 124 Weatherly Cove, Slidell, Louisiana 70458.

8.     On July 19, 2019, your Affiant queried Reynolds (with date of birth 10/11/63) through law enforcement databases and determined that Reynolds was in possession of a valid Louisiana driver's license (number 10210776). The address listed on Reynolds' license was 124 Weatherly Cove, Slidell, Louisiana 70458.

9.     On July 25, 2019, your Affiant went to the above address and observed a white Ford truck in the driveway. A registration check of the Ford truck revealed the vehicle was registered to Lisa Reynolds at 124 Weatherly Cove, Slidell, Louisiana 70458.

10.    On July 25, 2019, the USPIS advised your Affiant that Michael Reynolds was receiving mail at 124 Weatherly Cove, Slidell, Louisiana 70458.

11.    On July 25, 2019, your Affiant viewed the image captured by KiK during the chat between alchemist4gold_k8z* and lydia0131_1hl*. Your Affiant determined the image to constitute child pornography. Specifically, the image was a close-up picture of a prepubescent vagina with pink panties partially pulled down.

12.    On July 25, 2019, at approximately 7:15 p.m., your Affiant observed the above-mentioned white Ford truck driving on Weatherly Cove. The vehicle was occupied by a female driver and a male passenger. The appearance of the male was consistent with the photograph on Reynolds' driver's license.

13. On July 26, 2019, your Affiant obtained a federal search warrant in the Eastern District of Louisiana for the above residence. On this same date, HSI/New Orleans, the Louisiana Bureau of Investigation (LBI), the St. Tammany Parish Sheriff's Office, and the Slidell Police Department executed the warrant.

14. During a Post-Miranda interview, Reynolds admitted that his KiK username was alchemist4gold_k8z* and that he sent the image of child pornography during the above mentioned KiK chat. He also admitted that email addresses alchemist4gold@yahoo.com and chemikereynolds@aol.com belonged to him. Both of these email accounts were associated to the above KiK account. There were additional images of child pornography found on Reynolds' cellular phone.

15. Reynolds also admitted to performing oral sex as well as digitally penetrating the vagina of Juv1 (DOB 06/21/2017) on at least five occasions. He also stated that he shared these images online. Reynolds admitted that the adult hand and penis photographed directly next to the child's vagina was his. He further admitted to sexual activity with another granddaughter, Juv2 (DOB 10/13/2015). Reynolds stated the abuse occurred on the living room couch at his residence.

16. During the execution of the above search warrant, it was learned that Reynolds was a federal government employee as a chemist with the United States Department of Agriculture (USDA). On August 2, 2019, your Affiant and USDA Office of Inspector General (OIG) Special Agent Alan Kennedy met with Lisa Reynolds to seize Michael Reynolds' government-issued iPhone. The iPhone was seized to further the child exploitation investigation against Reynolds and/or identify more potential victims.

17. On August 2, 2019, your Affiant and SA Kennedy also went to the USDA office located in New Orleans, Louisiana. USDA management officials gave consent for your Affiant to

search Reynolds' office. During the search of the office, your Affiant seized two HTC cellular phones, a silver pen USB drive, a Sony thumb drive, and a black thumb drive, further described in **Attachment A**. USDA management also turned over USDA property that was used by Reynolds. The items turned over by USDA were a Dell Computer, SanDisk thumb drive, and a WD My Passport external hard drive. These items, further described in **Attachment A**, were also seized to further the child exploitation investigation against Reynolds and/or identify more potential victims.

## CHILD PORNOGRAPHY COLLECTOR CHARACTERISTICS

18. Based on my knowledge and experience, individuals who collect child pornography are sexually attracted to children, their sexual arousal patterns and erotic imagery focus, in part or in whole, on children. The collection may be exclusively dedicated to children of a particular age/gender or it may be more diverse, representing a variety of sexual preferences, including children. Child pornography collectors express their attraction to children through the collection of sexually explicit materials involving children, as well as other seemingly innocuous material related to children.

19. These individuals may derive sexual gratification from actual physical contact with children, as well as from fantasy involving the use of pictures or other visual depictions of children or from literature describing sexual contact with children. The overriding motivation for the collection of child pornography may be to define, fuel, and validate the collector's most cherished sexual fantasies involving children.

20. Visual depictions may range from fully clothed depictions of children engaged in non-sexual activity to nude or partially nude depictions of children engaged in explicit sexual activity. In addition to child pornography, these individuals are also likely to collect other paraphernalia related to their sexual interest in children. This other material is sometimes referred

to as "child erotica," which is defined as any material, relating to children, that serves a sexual purpose for a given individual. It is broader and more encompassing than child pornography, but at the same time the possession of such corroborative material, depending on the context in which it is found, may be behaviorally consistent with the offender's orientation toward children and indicative of his intent. It includes things such as fantasy writings, letters, diaries, books, sexual aids, souvenirs, toys, costumes, drawings, cartoons and non-sexually explicit visual images.

21. Child pornography collectors reinforce their fantasies, often by taking progressive, overt steps aimed at turning the fantasy into reality in some or all of the following ways: collecting and organizing their child-related material; masturbating while viewing the child pornography; engaging children, online and elsewhere, in conversations, sometimes sexually explicit conversations, to fuel and fortify the fantasy; interacting, both directly and indirectly, with other like-minded adults through membership in organizations catering to their sexual preference for children thereby providing a sense of acceptance and validation within a community; gravitating to employment, activities and/or relationships which provide access or proximity to children; and frequently persisting in the criminal conduct even when they have reason to believe the conduct has come to the attention of law enforcement. These are need-driven behaviors to which the offender is willing to devote considerable time, money, and energy in spite of risks and contrary to self-interest.

22. The collection may include sexually explicit or suggestive materials involving children, such as photographs, magazines, narratives, motion pictures, video tapes, books, slides, drawings, computer images or other visual media. The collector is aroused while viewing the collection and, acting on that arousal, he often masturbates thereby fueling and reinforcing his attraction to children. This is most easily accomplished in the privacy of his own home.

23. Because the collection reveals the otherwise private sexual desires and intent of the collector and represents his most cherished sexual fantasies, the collector rarely, if ever, disposes of the collection. The collection may be culled and refined over time, but the size of the collection tends to increase. Individuals who use a collection in the seduction of children or to document that seduction treat the materials as prized possessions and are especially unlikely to part with them. Even if a child pornography collector does delete files from his hard drive or other electronic media, a computer expert can still retrieve those files using forensic tools.

## CONCLUSION

25. Based on the aforementioned factual information, your Affiant respectfully submits that there is probable cause to believe that contraband, evidence, fruits and instrumentalities of violations of 18 U.S.C. §§ 2252(a)(2) (receipt and distribution of child pornography) and 2252(a)(4)(B) (possession of a visual depiction involving the use of a minor engaging in sexually explicit conduct) will be found on the devices listed in **Attachment A**. Evidence indicates that in June of 2019, Reynolds used KiK username alchemist4gold_k8z* and IP address 45.25.21.137 to gain access to the KiK application. He then used KiK'S chat platform to send child pornography under the username alchemist4gold_k8z*. A federal search warrant was executed at Reynolds' residence. During a post-Miranda interview, Reynolds confessed to downloading and distributing child pornography. Reynolds further confessed to sexually abusing children.

26.     Your Affiant, therefore, respectfully requests that the attached warrant be issued authorizing the search of the devices described further in **Attachment A** and seizure of the items described further in **Attachment B**.

*[signature]*
Stephen Robert Dean
Special Agent
Homeland Security Investigations

Subscribed and sworn before me this ____ day of September, 2019

*[signature]*
HONORABLE MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### DESCRIPTION OF PROPERTY TO BE SEARCHED

The following items are now currently located at Homeland Security Investigations, 1250 Poydras Street, New Orleans, Louisiana 70113:

1) One iPhone (IMEI: 352005060621235)
2) One HTC Phone (S/N: HT58DB000098)
3) One HTC Phone (S/N: HT63RB000130)
4) Silver Pen with USB drive
5) Sony thumb drive
6) Black thumb drive
7) Dell Computer (Service Tag: JQ94XK2)
8) SanDisk thumb drive (S/N: SDCZ60-004G)
9) WD My Passport external hard drive (S/N: WXH1A70H3953T)

## ATTACHMENT B

## LIST OF ITEMS TO BE SEARCHED FOR AND SEIZED

This affidavit is in support of an application for a warrant to search the items listed in **Attachment A** for records and materials evidencing a violation of 18 U.S.C. § 2252, specifically 18 U.S.C. §§ 2252(a)(2) (receipt and distribution of child pornography) and 2252(a)(4)(B) (possession of a visual depiction involving the use of a minor engaging in sexually explicit conduct), which criminalizes, in part, the possession, receipt and transmission of child pornography (defined in 18 U.S.C. § 2256), as more specifically identified below:

1. Images, videos, and other recordings of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

2. Information or correspondence pertaining to the possession or attempted distribution of visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256, that were transmitted or received using the items listed in **Attachment A**, including, but not limited to;

    a. electronic mail, chat logs, and electronic messages, that establish possession, access to, or transmission through interstate or foreign commerce of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; and

    b. records found on the items listed in **Attachment A** relating to the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions of any kind involving the transmission through interstate or foreign commerce of any visual depiction of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256.